IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARLIN VI PRINCESS
DEEP SEA FISHING, LLC,
ANTOINTETTE C. BENEDUCI, and
EDWARD BENEDUCI,

          Plaintiffs,

v.                                                         Case No.: 8:13-cv-01812-EAK-MAP

THE NORTHERN ASSURANCE
COMPANY OF AMERICA,

          Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO REMAND

This cause is before the Court on Plaintiffs' Motion to Remand and Supporting Memorandum of Law (Doc. 6), as well as Defendant's Memorandum in Opposition to Motion to Remand (Doc. 7). For reasons set forth below, Plaintiffs' Motion to Remand is **DENIED**.

### PROCEDURAL HISTORY AND BACKGROUND

Plaintiffs, Marlin VI Princess Deep Sea Fishing, LLC, Antoinette C. Beneduci, and Edward Beneduci ("Plaintiffs"), sustained damages to their vessel during the approach of Hurricane Irene (Doc. 6). Plaintiffs allege that these damages are covered under the provisions of the insurance policy issued by Defendant, The Northern Assurance Company of America ("Defendant") (Doc. 2). Plaintiffs submitted a claim of loss to Defendant, and Defendant issued a

1

denial letter, refusing to cover the damages (Doc. 2). Defendant claims that the damages did not fall within the terms and conditions of the policy (Doc. 2).

On March 22, 2013, Plaintiffs filed suit against Defendant, in the Sixth Judicial Circuit in and for Pasco County, Florida, alleging damages resulting from a contract to purchase parts to be used in the repair and overhaul of certain diesel and marine engines (Doc. 1). The case was removed to federal court with the filing of Defendant's Notice to Remove on July 15, 2013, pursuant to 28 U.S.C. § 1441(a) (Doc. 1).

On August 8, 2013, Plaintiffs filed a Motion to Remand and Supporting Memorandum of Law (Doc. 6). In support of the Motion to Remand and Supporting Memorandum of Law, Plaintiffs allege the vessel sustained damages during the approach of Hurricane Irene. Defendant denied coverage for the damages to the vessel, which, according to Plaintiffs, should be covered under the insurance policy. As a result, the Plaintiffs filed suit in Pasco County for a declaratory judgment that the Plaintiffs are entitled to coverage under the insurance policy (Doc. 6).

Defendant's Memorandum in Opposition to Motion to Remand was filed on August 13, 2013 (Doc. 7). In support of its Memorandum in Opposition, Defendant alleges that removal was timely pursuant to the federal removal statute because it was within thirty days of being presented with evidence that the claim was in excess of $75,000.00 (Doc.7). Furthermore, Defendant alleges that the amount in controversy exceeds $75,000.00 because Plaintiffs have admitted that their consequential damages are more than $100,000.00 and have requested to recover consequential damages (Doc. 7).

## LEGAL STANDARD

For a removal action to be successful, the party asserting federal jurisdiction bears the burden of establishing proof of jurisdiction by a preponderance of the evidence. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007). Furthermore, removal statutes must be construed narrowly, with the presumption in favor of remand. *Univ. of S. Ala. V Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Removal statutes are strictly construed because the exercise of removal is in derogation of state sovereignty. *Hill v. Gen. Motors Corp.*, 654 F. Supp. 61 (S.D. Fla. 1987).

## ANALYSIS

The issues in this case are: 1.) whether Defendant filed a notice of removal within thirty (30) days as required by 28 U.S.C. §1446(b), and 2.) whether the court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

Plaintiffs contend that Defendant waived its right to remove this case by filing the Notice of Removal on July 15, 2013 (Doc. 7). Furthermore, the Plaintiffs contend that this court does not have diversity jurisdiction over this case because the amount in controversy does not exceed $75,000, exclusive of interest and costs (Doc. 7).

### A. Defendant timely filed its Notice of Removal.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. §1446(b)(1). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy

of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, . . . ." 28 U.S.C. § 1446(b)(3).

In the present case, at the time of filing, the only number that made reference to the amount damages in the Complaint was the jurisdictional allegation that damages exceed $15,000.00. It was not until July 2, 2013, when Defendant received a response to its request for admissions, that Defendant was first put on notice that, "the case is one which is or has become removable." 28 U.S.C. §1446(b)(1). Defendant sought an admission that "[t]he amount of loss being claimed is more than $75,000," to which the Plaintiffs answered, "[a]dmitted. However, consequential losses exceed $100,000.00." (Doc. 1, Ex. J&Q). Thus, July 2, 2013, serves as the trigger date for removal because the Complaint established complete diversity and counsel for Plaintiffs admitted that the consequential damages were more than $100,000.00. Therefore, the Defendant was required by 28 U.S.C. § 1446(b)(1) to file a Notice of Removal within 30 days of July 2, 2013. Because the Defendant filed its Notice of Removal on July 15, 2013, less than two weeks after being served with admissions, the Notice of Removal is timely.

**B. The amount in controversy exceeds the jurisdictional threshold.**

"A district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs . . ." 28 U.S.C. § 1332(a). The Eleventh Circuit has established two burdens of proof – driven entirely by the allegations in the complaint – for defendants seeking to establish that the amount in controversy exceeds $75,000. *Ponce v. Fontainebleau Resorts, LLC*, 653 F. Supp. 2d 1297, 1301 (S.D. Fla. 2009). First, "[w]here a plaintiff asserts in her *ad damnum* clause a specific claim for less than the jurisdictional amount, [the] defendant, to establish removal jurisdiction, [i]s required to prove to a legal certainty that plaintiff, if she prevailed, would not recover below [the amount-in-

controversy requirement]." *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 2004)). Second, "where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by the preponderance of the evidence." *Id.* Where the plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996).

Plaintiff correctly recognizes that Defendant falls into the second category, and must prove by a preponderance of the evidence that the matter in controversy exceeds $75,000. To determine whether the preponderance of the evidence standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006). Generalized claims for various types of damages do not establish that an amount in controversy more likely than not exceeds $75,000. *Id.* (citing *Williams v. Best Buy Co, Inc.*, 269 F.3d 1316, 1319. (11th Cir. 2001)). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.*

Here, while it is not facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional amount, the Complaint, coupled with the Plaintiffs' Responses to Defendant's Request for Admission, provide sufficient evidence for this Court to conclude that the Plaintiffs, if they prevailed, are more likely than not to recover more than the amount in controversy requirement. The *ad damnum* clause of the Plaintiffs' Complaint asks there to be a judgment entered in favor of the Plaintiffs for breach of the marine policy: ". . . for *consequential damages*, including, but not limited to, physical damage to the engines, generators, hull, salvage

charges, personal effects coverage, loss of use, loss of charter hire, sue and labor expenses, including statutory attorney's fees, prejudgment interest and litigation costs; and incidental damages." (Doc. 2) (emphasis added). On July 2, 2013, Defendant received answers to a Request for Admission (Doc. 1). Specifically, in response to request number six, which asked Plaintiffs to admit that the claim is for less than $75,000.00, Plaintiffs admitted the request but went on to say that consequential damages are more than $100,000.00 (Doc. 1).

While the court understands that this statement in response to request for admission could cause confusion, there can be no question that when a complaint's *ad damnum* clause seeks consequential damages, which admittedly exceed $100,000.00, a party has met their burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Therefore, the Defendant has met its burden of proving by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.

Finally, it is important to note that, "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza, II Inc.*, 608 F.3d 744 (11th Cir. 2010) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n. 12 (11th Cir. 2009); *Miedema,* 450 F.3d at 1332 n. 9; *Sierminski v. Transouth Fin. Corp.*, 216 F. 3d 945, 946 (11th Cir. 2000)). Therefore, while Plaintiffs claim in their Motion to Remand that consequential losses are not being sought in this litigation, the Court must look to the amount of controversy at the time of removal. Here, the *ad damnum* clause of the Plaintiffs' Complaint asks there to be a judgment entered in favor of the Plaintiffs for breach of the marine policy for consequential damages and the answer in response to request for admission states that consequential damages exceed $100,000.00 (Docs. 1-2).

"If [after removal] the plaintiff could . . . reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *Pretka*, 608 F.3d at 766 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)). Therefore, Plaintiffs cannot reduce the amount of their demand by claiming that they are not seeking recovery for consequential damages in this litigation. Accordingly, it is

ORDERED that Plaintiffs' Motion to Remand is **DENIED**.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 4th day of November 2013.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record