UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARLIN VI PRINCESS DEEP SEA
FISHING, LLC, ANTOINETTE C.
BENEDUCI, and EDWARD BENEDUCI,

     Plaintiffs,

     v.                               Case No. 8:13-cv-01812-T-17MAP

THE NORTHERN ASSURANCE
COMPANY OF AMERICA,

     Defendant.
_____/

## ORDER

Before the Court is Plaintiffs' motion to compel better responses to their document

production requests (doc. 20) and Defendant's response (doc. 21).  After Plaintiffs filed their

motion, the parties resolved most of the issues.  Only document requests five and six remain in

dispute.  Upon review, I deny Plaintiffs' motion for the reasons stated below.

    *1. Background*

Plaintiffs are the owners of a 1988 72-foot Lydia charter fishing boat that was damaged

during Hurricane Irene in August 2011, when its starboard generator and port engine overheated

and stopped working.  After the storm subsided, Plaintiffs realized that the boat's raw water

system had sucked up a large piece of shrink wrap debris floating in the water during the storm

and that this caused the damage.  Plaintiff submitted a loss claim to Defendant, the company that

insured the boat.  Defendant denied the claim, and Plaintiffs filed this breach of contract and

declaratory judgment action (Doc. 2).

*2. Discussion*

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  Rule 26(b)(1) indicates that "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible, as this rule generally entitles a civil litigant to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence."  *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013) (internal citations and quotation marks omitted).  However, discovery has boundaries.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  "While the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so."  *Gavin's Ace Hardware, Inc. v. Federated Mut. Ins. Co.*, No. 2:11-cv-162-FtM-36SPC, 2011 WL 5104476, at *2 (M.D. Fla. Oct. 27, 2011) (citations and quotations omitted).

In their request number five, Plaintiffs ask Defendant to produce:

> Any and all documents, prepared in the last ten years, interpreting or confirming coverage under an insurance policy that includes all or part of any version of a Taylor 1953 Form, of an insured vessel for damages resulting from storm debris.

(Doc. 20 at 3).

Request number six asks Defendant to produce:

> Any and all non-attorney-client privileged documents, prepared in the last 10 years, relating to any litigation or arbitration in which Northern was a party, which involved a claim for coverage under an insurance policy that included all or part of any version of a

> Taylor 1953 Form, of an insured vessel for damages resulting from
> storm debris, at any time and in any state or jurisdiction.

(*Id*.).

As to request number five, Plaintiffs argue that the damage to the Marlin VI is covered as a peril of the sea and that the policy's language regarding perils of the sea is similar to the Taylor 1953 form (a standardized insurance policy form apparently widely used in the vessel insurance industry) (*Id*. at 4).  They argue that the documents they seek may reveal "any company policy or precedent regarding handling of such claims; and schemes of Northern to breach the policy terms or avoid coverage of such losses with its insureds that would apply to the instant case." (*Id*.).  Plaintiffs designed request number six to discover "any company policy or precedent regarding the handling of such claims." (*Id*. at 4-5).  Defendant, of course, contends these requests are overbroad and outside Rule 26's constraints (Doc. 21).

I agree with Defendant.  This is a first party insurance coverage dispute in which Plaintiffs seek a declaration that the damage to the Marlin VI is covered by the policy issued by Defendant.  Assuming the claim is covered, Plaintiffs seek damages for Defendant's breach of contract (*see* Doc. 2).  But through requests five and six, Plaintiffs, in essence, are attempting to acquire documents showing Defendant's bad faith in denying their claim.  The scope of discovery in first-party insurance coverage disputes does not include information regarding bad faith issues. *Bartram, LLC v. Landmark Am. Ins. Co.,* No. 1:10-cv-00028-SPM-GRJ, 2011 WL 528206 (N.D. Fla. Feb. 4, 2011).  Under Florida law, discovery into an insurer's claims handling practices, policies, and protocols is impermissible in a breach of contract action.  *See Dennis v. Northwestern Mut. Life Ins. Co.,* No. 3:06-cv-43-J-20MCR, 2006 WL 1000308, at *2 (M.D. Fla. Apr. 14, 2006).  The *Dennis* court concluded that if a plaintiff is not authorized to assert a bad faith claim until liability has been proven, then evidence related to a defendant's alleged bad

3

faith is not relevant or admissible in the breach of contract action.  *Id*.; *see also Gavin's Ace Hardware, Inc.*, 2011 WL 5104476, at *3.

Additionally, I deny Plaintiffs' motion because their requests are overbroad.  Plaintiffs seek documents outside of the specific policy or claim at issue in this case, over a ten-year time frame.  In this coverage dispute, Defendant's conduct regarding other policyholders' claims under different policies is of no consequence.  *See Moses v. State Farm Mut. Auto Ins. Co.*, 104 F.R.D. 55, 57 (N.D. Ga. 1984).  Additionally, the damage to the Marlin VI occurred in 2011. Discovery stretching back ten years is not reasonably calculated to lead to admissible evidence.

*3. Conclusion*

Upon consideration, I find Plaintiffs' Motion to Compel (doc. 20) as to requests five and six is DENIED.

DONE and ORDERED on April 23, 2014, in Tampa, Florida.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE